# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| STATE AUTO PROPERTY<br>AND CASUALTY INSURANCE<br>COMPANY,<br><br>                Plaintiff,<br><br>v.<br><br>KIEF'S AUDIO/VIDEO, INC.,<br>and DENNIS M.. LANGLEY,<br><br>                Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)  Case No. 06-4013-JAR<br>)<br>)<br>)<br>)<br>) |

## **MEMORANDUM AND ORDER**

Plaintiff State Auto Property and Casualty Insurance Company (hereinafter "State Auto") has brought an action for a declaratory judgment seeking a determination as to its duties under a general liability policy it sold to defendant Kief's Audio/Video, Inc. (hereinafter "Kief's"). This matter comes before the court upon the motion of defendant Kief's requesting the court stay this case pending decision of a related matter in the state district court of Johnson County, Kansas (Doc. 5). Kief's has filed a memorandum in support of its motion (Doc. 6). Plaintiff State Auto filed a response in opposition to defendant Kief's motion for stay on March 17, 2006 (Doc. 7). Defendant Langley has not filed any response to defendant Kief's motion, and his time to do so has now expired.[1] Defendant Kief's has not filed any reply to plaintiff State

---

[1] Pursuant to D. Kan. Rule 6.1(d)(1) "Responses to nondispositive motions. . . shall be filed and served within 14 days." Therefore, any response by defendant Langley was due on or before March 17, 2006.

Auto's response in opposition, and its time to do so has now expired.[2] The court, therefore, deems this issue to be fully submitted and ripe for decision.

Stays are not favored, and a court should only grant a motion for stay in exceptional circumstances.[3] One such circumstance is when related actions are pending in both state and federal court, and the court, in considering a dismissal, finds a stay to be the more appropriate remedy.[4] Courts have found stays to be appropriate, as an alternative to dismissal, when it is possible that the case may return to federal court,[5] when there is a threat of procedural inefficiency at the state court level,[6] or when a dismissal would lead to the refiling of a federal claim.[7] While the court is not evaluating the possibility of dismissal in this instance, these considerations are still meaningful with regard to the decision of whether to impose a stay.

Defendant Kief's correctly identified that the case of *Mid-Continent Cas. Co. v. Se. Kan. Indep. Living Res. Ctr., Inc., et al.*, 2005 WL 3240843 (D. Kan. 2005) is relevant to the court's inquiry. In *Mid-Continent* the court analyzed a motion to dismiss and ultimately concluded that a stay was the more appropriate remedy. In reaching this conclusion the court

---

[2] Pursuant to D. Kan. Rule 6.1(d)(1) "Replies shall be filed and served within 14 days of the service of the response." Therefore, plaintiff State Auto's reply was due on or before March 31, 2006.

[3] *See United States v. City of Las Cruces*, 289 F.3d 1170, 1180 (10th Cir. 2002) (citing *Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800, 818 (U.S. 1976)).

[4] *Id.* at 1192.

[5] *Id.* (citing *Capitol Indem. Corp. v. Haverfield*, 218 F.3d 872, 875 n.2 (8th Cir. 2000)).

[6] *Id.*

[7] *Id.* (citing *Wilton v. Seven Falls, Co.*, 515 U.S. 277, 288 n.2 (1995)).

considered the following factors to determine whether or not to exercise jurisdiction over a declaratory judgment action: "(1) whether a declaratory action would settle the controversy; (2) whether it would serve a useful purpose in clarifying the legal relations at issue; (3) whether the declaratory remedy is being used merely for the purpose of "procedural fencing" or to provide an arena for a race to res judicata; (4) whether use of a declaratory action would increase friction between our federal and state courts and improperly encroach upon state jurisdiction; and (5) whether there is an alternative remedy which is better or more effective."[8]  While the court agrees with defendant Kief's that the *Mid-Continent* court's analysis is relevant to this inquiry, the court finds that the application of that analysis to the facts of the instant case does not support the granting of a stay.

*Mid-Continent* involved a plaintiff insurance company seeking a declaratory judgment as to whether there was coverage under an employer's policy for the alleged tortious actions of an employee.[9] The primary issue was whether the employee was acting within the scope of his employment at the time of a fatal motor vehicle accident.[10] At the time the federal action was filed, a state action for tort claims was pending in Labette County, Kansas.[11] The plaintiff

---

[8] *Mid-Continent Cas. Co. v. Se. Kan. Indep. Living Res. Ctr., Inc.,* 2005 U.S. Dist. LEXIS 31977 at *5 (D. Kan. 2005) (quoting *State Farm Fire & Cas. Co. v. Mhoon, et al.*, 31 F.3d 979 (10th Cir. 1994)).

[9] *Id.* at *1, *2.

[10] *Id.*

[11] *Id.* at *2-*3.

admitted the issue presented to the federal court was virtually the same issue presented in the state action.[12]

In this instance the federal court and state court are being asked to decide two very different and distinct issues. In this federal court action, plaintiff State Auto seeks a declaration of its rights and duties under the terms of its contract of liability insurance with defendant Kief's for claims against it by defendant Langley (Doc. 7). In the state court action defendant Langley's allegations involve the quality and performance of the audio, video, and lighting systems installed in his home (Doc. 7-2). Specifically, defendant Langley alleges that defendant Kief's and General Electric breached express warranties and implied warranties under the Kansas Uniform Commercial Code and Magnuson-Moss Warranty Act as well as violated the Kansas Consumer Protection Act (Doc. 7-2). While the federal and state actions are related they involve significantly different determinations.

The plaintiff State Auto is seeking a declaration of whether violations of the Kansas Consumer Protection Act and breaches of warranty under the Kansas Uniform Commercial Code and federal Magnuson-Moss Warranty Act are covered under plaintiff State Auto's policy with defendant Kief's (Doc. 7). This issue is not involved in the state court action as the state court action involves determinations about the quality and performance of audio, video, and lighting systems installed in defendant Langley's home (Doc. 7-2). Moreover, as plaintiff State Auto is not a party to the state action it has no way of raising its concerns regarding the

---

[12] *Id.* at *2.

insurance policy in the state action. As this federal action involves separate and distinct issues as well as an additional party, the court finds the instant case distinguishable from *Mid-Continent*.

Furthermore, even when considering the factors described in *Mid-Continent* the court cannot find a compelling reason to grant defendant Kief's motion for stay in this case. As to the first factor, a declaration by the court as to what plaintiff State Auto's rights and duties are would settle the entire controversy because it is the only issue before the court. The second factor also does not warrant a stay. Defendant Kief's admits in its memorandum in support of its motion for stay that a declaration would clarify legal relations to some degree; however, it is concerned that it would be a detriment to the state proceedings (Doc.6). The court does not find that the state action would be harmed in any way by a determination in this case because the state and federal issues can be determined independently of each other.

Furthermore, defendant Kief's concedes that this is not a case of procedural fencing (Doc. 6); therefore, the third factor is not an issue. Next, since the federal action concerns an additional party and a different issue than that presented by the state court action, there is no reason to believe that it would create friction between the state and federal courts. Therefore, the fourth factor does not warrant granting the defendant Kief's motion for stay. Finally, the fifth factor does not apply to this case as no party is seeking a dismissal.

Since the court cannot find a compelling reason to grant defendant Kief's motion for stay and this case is clearly distinguishable from *Mid-Continent*, the court finds a stay is not

appropriate in this instance. Therefore, the court will deny defendant Kief's motion to stay this matter.

With this decision, this case is now ready for the holding of a scheduling conference, and the entry of a scheduling order to govern the remaining pretrial activities. The court had previously scheduled such a conference, which it then suspended pending resolution of defendant Kief's motion to stay.[13] The court will, therefore, establish a new setting for a scheduling conference by telephone and a new deadline for counsel for plaintiff to submit the parties' planning report to chambers, prior to the scheduling conference. The report of parties' planning report shall conform to the requirements set forth in the court's original Initial Order Regarding Planning and Scheduling (Doc. 4).

**IT IS THEREFORE ORDERED** that defendant Kief's motion to stay (Doc. 5) is hereby denied.

**IT IS FURTHER ORDERED** that a scheduling conference shall be held in this matter on **July 27, 2006, at 9:30 a.m.** Unless otherwise notified, this conference will be conducted before the undersigned, by telephone, and the court will initiate the conference call.

**IT IS FURTHER ORDERED** that counsel for plaintiff shall coordinate submission of the parties' planning report to the undersigned's chambers by **July 20, 2006**. The report may be submitted by U.S. Mail, or as an attachment to an e-mail sent to ksd_sebelius_chambers@ksd.uscourts.gov (preferred), *and is not to be filed in the case.*

---

[13] *See* Order (Doc. 14).

**IT IS SO ORDERED.**

Dated this 6th day of July, 2006, at Topeka, Kansas.

                                            s/K. Gary Sebelius
                                            K. Gary Sebelius
                                            U.S. Magistrate Judge